# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| MELISSA J. NASON,<br><br>Plaintiff,<br><br>v.<br><br>PRIME GROUP HOLDINGS, LLC<br><br>Defendant. | CIVIL ACTION<br>Docket No: 2:21-cv-00032-DBH |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Prime Group Holdings, LLC ("Defendants") answers Plaintiff Melissa Nason's Complaint as follows:

### FIRST DEFENSE

### Parties

1. Defendant admits that Ms. Nason ("Plaintiff") is a female citizen of the State of Maine. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1, and on that basis denies the same.

2. Defendant admits the allegations contained in Paragraph 2.

3. Defendant denies the allegations contained in Paragraph 3.

4. Defendant admits that, had this action remained in state court, Androscoggin County would be an appropriate venue. Defendant denies the remaining allegations contained in Paragraph 4.

### Procedural Background

5. Paragraph 5 consists of a characterization of Plaintiff's lawsuit, to which no response is required. To the extent a response is required, Defendant admits that Plaintiff seeks

the relief described under the statutes detailed in Paragraph 5; but Defendant denies that Plaintiff is entitled to such relief.

6. Defendant admits that Plaintiff filed a charge on or about March 11, 2019, alleging violation of some—but not all—of the statutes pursuant to which she seeks recovery in this lawsuit. Defendant denies that Plaintiff filed a timely charge of disability or sex discrimination.

7. Defendant admits that Plaintiff filed a charge on or about March 11, 2019, alleging violation of some—but not all—of the statutes pursuant to which she seeks recovery in this lawsuit. Defendant denies that Plaintiff filed a timely charge of disability or sex discrimination.

8. Defendant denies the allegations contained in Paragraph 8.

9. Defendant denies the allegations contained in Paragraph 9.

10. Defendant denies the allegations contained in Paragraph 10.

11. Defendant denies the allegations contained in Paragraph 11. Defendant further states that Plaintiff's complaint at the Maine Human Rights Commission was resolved with a finding of no reasonable grounds.

12. Defendant admits the allegations contained in Paragraph 12.

**Jury Trial Demand**

13. Defendant acknowledges that Plaintiff has demanded a trial by jury.

**Factual Background**

14. Defendant admits that Plaintiff has hearing loss. Defendant is without knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 14, and on that basis denies the same.

15. Defendant admits that it was aware Plaintiff has hearing loss during the course of events relevant to this Complaint. Defendant denies the remaining allegations contained in Paragraph 15.

16. Defendant admits the material allegations contained in Paragraph 16.

17. Defendant admits the allegations contained in Paragraph 17.

18. Defendant admits the factual allegations set forth in Paragraph 18(a)-(d). Defendant denies the remaining allegations contained in Paragraph 18.

19. Defendant admits the allegations contained in Paragraph 19.

20. Defendant admits the allegations contained in Paragraph 20.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21, and on that basis denies the same.

22. Defendant admits that Plaintiff approached Mr. Hartsfield, and that Plaintiff's direct manager reported to Mr. Hartsfield. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 22, and on that basis denies the same.

23. Defendant admits that Plaintiff and Mr. Hartsfield sat on a couch at Harvey's. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 23, and on that basis denies the same.

24. Defendant admits that Plaintiff is hard of hearing and that Plaintiff sat next to Mr. Hartsfield on the couch. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 24, and on that basis denies the same.

25. Defendant denies the allegations contained in Paragraph 25.

26. Defendant admits that Plaintiff spoke to Mr. Hartsfield about development of an acquisitions team. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 26, and on that basis denies the same.

27. Defendant denies Mr. Hartsfield acted as alleged. Defendant admits that Plaintiff continued talking to Mr. Hartsfield on the couch. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 27, and on that basis denies the same.

28. Defendant denies the allegations contained in Paragraph 28.

29. Defendant admits that Plaintiff texted a colleague. The contents of the message speak for themselves, and Defendant denies any allegations inconsistent with the contents of the message. Defendant denies the remaining allegations contained in Paragraph 29.

30. Defendant admits that the colleague and Plaintiff rejoined Mr. Hartsfield on the couch, with Plaintiff choosing to sit next to Mr. Hartsfield. Defendant denies the remaining allegations contained in Paragraph 30.

31. Defendant denies that Mr. Hartsfield rubbed Plaintiff's "butt" and denies that anyone witnessed him rubbing Plaintiff's "butt." Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 31, and on that basis denies the same.

32. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32, and on that basis denies the same.

33. Defendant denies the allegations contained in Paragraph 33.

34. Defendant admits the allegations contained in Paragraph 34.

35. Defendant denies each and every allegation contained in Paragraph 35, except Defendant admits that Mr. Hartsfield did not cross the street with everyone because he lived in the area and was going home, and that he called Plaintiff back across the street, which was witnessed by others.

36. Defendant denies each and every allegation contained in Paragraph 36, except Defendant admits that Mr. Hartsfield hugged Plaintiff.

37. Defendant denies each and every allegation contained in Paragraph 37, except Defendant admits that Plaintiff, who was widely observed to be inebriated, stumbled on the curb and almost fell as she was returning to her colleagues on the other side of the street.

38. Defendant denies the allegations contained in Paragraph 38.

39. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39, and on that basis denies the same.

40. In response to Paragraph 40, Defendant states that its employee handbook speaks for itself. Defendant denies any allegations in Paragraph 40 that are contradictory to the terms of the handbook.

41. Defendant denies each and every allegation contained in Paragraph 41, except Defendant admits that Plaintiff called her manager, Mr. Ventura, and reported she was uncomfortable attending the conference because Mr. Hartsfield would be in attendance.

42. Defendant denies the allegations contained in Paragraph 42.

43. Defendant admits the allegations contained in Paragraph 43.

44. Defendant denies the allegations contained in Paragraph 44.

45. Defendant denies the allegations contained in Paragraph 45.

46. Defendant denies each and every allegation contained in Paragraph 46, except Defendant admits that its investigators concluded that Plaintiff's version of events changed significantly over the course of her interviews.

47. Defendant denies each and every allegation contained in Paragraph 47, except Defendant admits that it easily concluded that it concluded Plaintiff's version of events changed significant over the course of her interviews.

48. Defendant denies the allegations contained in Paragraph 48.

49. Defendant admits that one of Plaintiff's colleagues twice stated that she saw Mr. Hartsfield rub Plaintiff's back and that Plaintiff made a facial expression. Defendant denies the remaining allegations contained in Paragraph 49.

50. Defendant denies each and every allegation contained in Paragraph 50, except: Defendant admits that they interviewed the COO once and that they did not ask either party for FaceTime records, as Plaintiff did not allege that the COO attempted to FaceTime her, but rather that she received a phone call at 2 a.m.

51. Defendant admits that, on November 21, 2018, Ms. Evans and Ms. Pearce called Plaintiff and terminated her employment, stating they concluded that she had made an intentionally false report.

52. Defendant denies each and every allegation contained in Paragraph 52, except that Defendant sent Plaintiff a termination letter on November 27, 2018, the contents of which speak for themselves.

53. Defendant admits that Plaintiff made certain inquiries following her termination and that Defendant responded, directing her to communicate with its outside counsel. Defendant denies the remaining allegation contained in Paragraph 53.

54. Defendant admits that Mr. Hartsfield's employment was terminated on May 14, 2019. Defendant denies that the basis for this separation was connected in any way to the issues raised in this lawsuit.

**COUNT I**

**Gender Discrimination under the MHRA, 5 M.R.S. §4572**

55. Defendant repeats its responses to Paragraph 1-54 as if fully set forth herein.

56. Defendant denies the allegations contained in Paragraph 56.

57. Defendant denies the allegations contained in Paragraph 57.

58. Defendant denies the allegations contained in Paragraph 58.

59. Defendant denies the allegations contained in Paragraph 59.

60. Defendant denies the allegations contained in Paragraph 60.

61. Defendant denies the allegations contained in Paragraph 61.

62. Defendant denies the allegations contained in Paragraph 62.

**COUNT II**

**Gender Discrimination under Title VII, 42 U.S.C. §2000e-2**

63. Defendant repeats its responses to Paragraph 1-62 as if fully set forth herein.

64. Defendant denies the allegations contained in Paragraph 64.

65. Defendant denies the allegations contained in Paragraph 65.

66. Defendant denies the allegations contained in Paragraph 66.

67. Defendant denies the allegations contained in Paragraph 67.

68. Defendant denies the allegations contained in Paragraph 68.

69. Defendant denies the allegations contained in Paragraph 69.

70. Defendant denies the allegations contained in Paragraph 70.

## COUNT III

### Disability Discrimination under the MHRA, 5 M.R.S. §4572

71. Defendant repeats its responses to Paragraphs 1-70 as if fully set forth herein.

72. Defendant denies the allegations contained in Paragraph 72.

73. Defendant denies the allegations contained in Paragraph 73.

74. Defendant denies the allegations contained in Paragraph 74.

75. Defendant denies the allegations contained in Paragraph 75.

76. Defendant denies the allegations contained in Paragraph 76.

## COUNT IV

### Disability Discrimination under the ADA, 42 U.S.C. §12112

77. Defendant repeats its responses to Paragraphs 1-76 as if fully set forth herein.

78. Defendant denies the allegations contained in Paragraph 78.

79. Defendant denies the allegations contained in Paragraph 79.

80. Defendant denies the allegations contained in Paragraph 80.

81. Defendant denies the allegations contained in Paragraph 81.

82. Defendant denies the allegations contained in Paragraph 82.

## COUNT V

### Discrimination under the WPA, 26 M.R.S. §833(1)(A)

83. Defendant repeats its responses to Paragraphs 1-82 as if fully set forth herein.

84. Defendant denies the allegations contained in Paragraph 84.

85. Defendant denies the allegations contained in Paragraph 85.

86. Defendant admits that Plaintiff was terminated as a result of her report; but denies that the report was honest or in good faith.

87. Defendant denies the allegations contained in Paragraph 87.

88. Defendant denies the allegations contained in Paragraph 88.

89. Defendant denies the allegations contained in Paragraph 89.

90. Defendant denies the allegations contained in Paragraph 90.

**COUNT VI**

**Retaliation under the MHRA, 5 M.R.S. §4633**

91. Defendant repeats its responses to Paragraphs 1-91 as if fully set forth herein.

92. Defendant denies the allegations contained in Paragraph 92.

93. Defendant denies the allegations contained in Paragraph 93.

94. Defendant denies the allegations contained in Paragraph 94.

95. Defendant denies the allegations contained in Paragraph 95.

**COUNT VII**

**Retaliation under Title VII, 42 U.S.C. § 2000e-3(a)**

96. Defendant repeats its responses to Paragraphs 1-96 as if fully set forth herein.

97. Defendant denies the allegations contained in Paragraph 97.

98. Defendant denies the allegations contained in Paragraph 98.

99. Defendant denies the allegations contained in Paragraph 99.

100. Defendant denies the allegations contained in Paragraph 100.

**SECOND DEFENSE**

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

**THIRD DEFENSE**

Defendant's actions about which Plaintiff complains were taken in good faith, and Defendant had reasonable grounds for believe that its actions were not in violation of applicable law.

**FOURTH DEFENSE**

If Plaintiff suffered any damages as a result of the alleged claims, which Defendant denies, Plaintiff failed to mitigate her damages.

**FIFTH DEFENSE**

Plaintiff has failed to exhaust administrative remedies with respect to some or all of her claims.

**SIXTH DEFENSE**

Plaintiff's claims are barred by the doctrines of waiver, estoppel, unclean hands, and/or laches.

**SEVENTH DEFENSE**

Plaintiff's claims are barred because the conduct complained of is not severe or pervasive enough to create a work environment a reasonable person would consider intimidating, hostile, or abusive.

**EIGHTH DEFENSE**

Reasonable care was taken to prevent or correct any allegedly discriminatory conduct and Plaintiff failed to take advantage of corrective opportunities provided or to otherwise avoid harm.

**NINTH DEFENSE**

To the extent that during the course of this litigation Defendant acquires any evidence of wrongdoing by Plaintiff, which wrongdoing would have materially affected the terms and

conditions of Plaintiff's employment or would have resulted in Plaintiff either being demoted, disciplined, or terminated, such after-acquired evidence shall bar Plaintiff on liability or damages sought by the Complaint, or shall reduce such claims as provided by law.

**TENTH DEFENSE**

Defendants had legitimate, non-discriminatory reasons for each of the actions and employment decisions challenged in the Complaint based on reasonable factors and not on Plaintiff's gender or any alleged protected activity by Plaintiff.

**ELEVENTH DEFENSE**

Plaintiff's report was made in bad faith and without any reasonable basis to believe the facts she reported constituted a violation of law.

**TWELFTH DEFENSE**

Defendant reserves the right to rely upon such other and affirmative defenses as may become available during discovery and reserve the right to amend the Answer to assert any such defenses.

WHEREFORE, Defendant requests that Plaintiff's Complaint be dismissed in its entirety, that Plaintiff be denied relief, and that judgment be entered for Defendant on all claims, together with its costs, attorneys' fees and such other relief as the Court deems just and proper.

Dated: February 1, 2021

/s/ Katharine I. Rand
Katharine I. Rand
/s/ Daniel R. Strader
Daniel R. Strader
Pierce Atwood LLP
Merrill's Wharf
254 Commercial Street
Portland, Maine 04101
207-791-1100
krand@pierceatwood.com
dstrader@pierceatwood.com

*Counsel for Defendant*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MAINE**

**CERTIFICATE OF SERVICE**

I hereby certify that on February 1, 2021, I served a copy of Defendant's Answer to Plaintiff's Complaint by electronic mail addressed to the following:

Amy Dieterich, Esquire
Skelton Taintor & Abbott
95 Main Street
Auburn, ME 04210
adieterich@sta-law.com

Dated: February 1, 2021

/s/ Katharine I. Rand
Katharine I. Rand

Pierce Atwood LLP
Merrill's Wharf
254 Commercial Street
Portland, Maine 04101
207-791-1100
krand@pierceatwood.com

*Counsel for Defendant*